UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X



DENIZ OLMEZ, YASIN DEMIRKAN, NIYAZI :
TUREL, HAMIT DEMIRKAN, LEVENT :
CENNET, HAKAN EJDER, MUSTAFA ONSOY, :
KAAN ERYILMAZ, on behalf of themselves :
and other employees similarly situated, :
                              :

               Plaintiffs,       :



                              :
            -against-       :

**COMPLAINT**

**PLAINTIFFS DEMAND
TRIAL BY JURY**

CIPRIANI USA, INC; CIPRIANI 110, LLC :
CIPRIANI 200 LLC; CIPRIANI 55 WALL, LLC :
CIPRIANI FIFTH AVENUE, LLC; CIPRIANI :
42ND STREET, LLC; CIP 55, LLC; CIPRIANI :
FOODS, LLC; DOWNTOWN RESTAURANT :
COMPANY, LLC; GC BALLROOM OPERATOR :
LLC; 42ND STREET LESSEE, LLC; and JOHN :
DOES 1-100, the actual names of such individuals :
or entities being unknown, :
                              :

             Defendants.     :
---------------------------------------------------------------X

Plaintiffs, by their attorneys, Cary Kane LLP, complaining of defendants, allege

## PRELIMINARY STATEMENT

1.    Plaintiffs bring this action, on behalf of themselves and other employees

similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29

U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated

employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated

damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief,

pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.    Plaintiffs also bring this action, on behalf of themselves and other

employees similarly situated, to remedy violations of the New York State Labor Law,

N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYSLL"). Plaintiffs seek, for themselves

and all similarly situated employees, declaratory and injunctive relief, unpaid wages,

unpaid overtime, reasonable attorneys' fees, and all other appropriate legal and equitable

relief, pursuant to N.Y. Lab. L. §§ 198, 663.

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court over plaintiffs' FLSA claims is invoked pursuant

to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Jurisdiction of this Court over plaintiffs' NYSLL claims is invoked

pursuant to NYSLL §§ 198, 663 and 28 U.S.C. § 1367(a), in that the NYSLL claims are

so related to plaintiffs' FLSA claims as to form the same case or controversy under

Article III of the United States Constitution.

5.      Venue is proper within this District pursuant to 28 U.S.C. § 1391, because

defendants maintain their principal place of business in, do business in, and have

designated addresses located in this District for service of process and, accordingly,

reside in this District. Venue is further proper within this District pursuant to 28 U.S.C. §

1391, because a substantial part of the events or omissions giving rise to the claims

occurred within this District.

## PARTIES

6.      Plaintiff Deniz Olmez ("Olmez") resides in the county of Kings in the

State of New York. At all relevant times, Olmez was employed by the defendants.

7.      Plaintiff Yasin Demirkan ("Y. Demirkan") resides in the county of

Richmond in the State of New York. At all relevant times, Y. Demirkan was employed by

2

the defendants.

8.      Plaintiff Niyazi Turel ("Turel") resides in the County of Hudson in the State of New Jersey. At all relevant times, Turel was employed by the defendants.

9.      Plaintiff Hamit Demirkan ("H. Demirkan") resides in the county of Richmond in the State of New York. At all relevant times, H. Demirkan was employed by the defendants.

10.     Plaintiff Levent Cennet ("Cennet") resides in the county of Bergen in the State of New Jersey. At all relevant times, Cennent was employed by the defendants.

11.     Plaintiff Hakan Ejder ("Ejder) resides in the county of Bergen in the State of New Jersey. At all relevant times, Ejder was employed by the defendants.

12.     Plaintiff Mustafa Onsoy ("Onsoy") resides in the County of Kings of the State of New York. At all relevant times, Onsoy was employed by the defendants.

13.     Plaintiff Kaan Eryilmaz ("Eryilmaz") in the County of New York in the State of New York. At all relevant times, Eryilmaz was employed by the defendants.

14.     Defendant Cipriani USA, Inc. ("Cipriani USA") is a Delaware corporation doing business in New York with a registered address for service of process at 110 East 42nd Street, New York, New York.

15.     Defendant Cipriani 110, LLC ("Cipriani 110") is a New York Limited Liability Corporation with a registered address for service of process at 110 East 42nd Street, New York, New York.

16.     Defendant Cipriani 200, LLC ("Cipriani 200") is a New York Limited Liability Corporation with a registered address for service of process at 110 East 42nd Street, New York, New York.

17.    Defendant Cipriani 55 Wall, LLC ("Cipriani 55 Wall") is a New York Limited Liability Corporation with a registered address for service of process at 110 East 42nd Street, New York, New York.

18.    Defendant Cipriani Fifth Avenue, LLC ("Cipriani Fifth Avenue") is a New York Limited Liability Corporation with a registered address for service of process at 110 East 42nd Street, New York, New York.

19.    Defendant Cipriani 42nd Street, LLC ("Cipriani 42nd Street") is a New York Limited Liability Corporation with a registered address for service of process at 781 Fifth Avenue, New York, New York.

20.    Defendant Cip 55, LLC ("Cip 55"), is a New York Limited Liability Corporation with a registered address for service of process at 110 East 42nd Street, New York, New York.

21.    Defendant Cipriani Foods, LLC ("Cipriani Foods") is a New York Limited Liability Corporation with a registered address for service of process at 110 East 42nd Street, New York, New York.

22.    Defendant Downtown Restaurant Company, LLC ("Downtown Restaurant Company") is a New York Limited Liability Corporation with a registered address for service of process at 110 East 42nd Street, New York, New York.

23.    Defendant GC Ballroom Operator, LLC ("GC Ballroom Operator") is a Delaware Limited Liability Company doing business in New York with a registered address for service of process at 110 East 42nd Street, New York, New York.

24.    Defendant 42nd Street Lessee, LLC ("42nd Street Lessee") is a Delaware Limited Liability Company doing business in New York with a registered address for

service of process at 110 East 42nd Street, New York, New York.

   25. Defendants John Does 1-100 are other individuals or entities affiliated with the defendants listed in paragraphs "14" through "24" of this Complaint. Plaintiffs reserve the right to name additional parties as their identities become known to plaintiffs.

   26. Each of the defendants in paragraphs "14" through "25" is an "employer," within the meaning of 29 U.S.C. § 203(d) and N.Y. Labor Law § 651. Upon information and belief, each of the defendants, through unified operations and common control, constitute an "enterprise" within the meaning of 29 U.S.C. § 203(r). Upon information and belief, each of the defendants in paragraphs "14" through "25," individually and collectively, constitute an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

   27. The defendants referenced in paragraphs "14" through "26" of the Complaint (collectively, the "Cipriani Defendants") operate several restaurant, banquet, and catering facilities in New York City or provide services related to such facilities. These facilities include: Harry Cipriani, located at 781 5th Avenue, New York, New York; Downtown Cipriani, located at 376 West Broadway, New York, New York; Cipriani 42nd Street at 110 East 42nd Street, New York, New York; The Rainbow Room located at 30 Rockefeller Plaza, New York, New York; Cipriani 23rd Street at 200 Fifth Avenue, New York, New York; and Cipriani Wall Street at 55 Wall Street, New York, New York.

   28. Plaintiffs have, for several years, worked as security guards for the defendants. Security guards for the defendants work set shifts at specific facilities ("shift work") and/or work during events held at the various facilities ("event work").

29.    During the periods in the Complaint, plaintiffs were paid between $10 per hour and $20 per hour for shift work, depending on their seniority and the particular venue to which they were assigned. Each shift typically lasts twelve hours.

30.    For event work, plaintiffs were paid a flat rate of $70.00 to $110.00 to work as a "security guard," regardless of the length of the event. Employees were usually assigned to work such events for between four and eight hours. Certain security guards were designated "supervisors" at the event and earned $150.00 per event.

31.    Throughout their employment, each of the plaintiffs has regularly been assigned to work over 40 hours a week, often for shift work alone. Plaintiffs have regularly worked between four and seven twelve-hour shifts in a week, resulting in work weeks of 48 to 84 hours.

32.    Plaintiffs have not received any overtime premium for any of the shift work hours they have performed beyond 40 in a week.

33.    In addition to shift work, each of the plaintiffs has performed event work at a flat rate. The rates received for event work were often lower than the plaintiffs' regular hourly wage for shift work, and almost never amounted to a sufficient hourly rate to amount to an overtime premium.

34.    Up until March 1, 2008, in order to avoid paying an overtime premium, defendants classified the plaintiffs as independent contractors, rather than employees.

35.    Despite the classification of plaintiffs of independent contractors, they functioned as employees of defendants. The plaintiffs worked directly under the supervision of managers and supervisors of defendants. Plaintiffs worked in facilities owned and operated by defendants. Plaintiffs' work hours were set by the defendants.

6

Plaintiffs received training in areas such as CPR from the defendants. Plaintiffs used office equipment, phones, walkie-talkies, and other equipment provided by defendants. In all other relevant aspects, the plaintiffs functioned as employees of defendants and not independent contractors.

36.     Defendants have also avoided paying plaintiffs overtime by paying the plaintiffs from the various corporate entities operated by the Cipriani defendants in order to make it appear as it plaintiffs were not working for more than forty hours per week from any particular entity.

36.     Starting March 3, 2008, plaintiffs have been reclassified as employees.

37.     The work performed by plaintiffs since March 3, 2008 is no different than the work performed by plaintiffs before March 3, 2008.

38.     Defendants still avoid paying overtime to plaintiffs for any hours worked in excess of forty per week. In order to avoid paying overtime, defendants pay plaintiffs for the first forty hours of the week with a payroll check, and pay plaintiffs for any hours in excess of forty as a separate check as an independent contractor.

39.     Defendants also continue to pay plaintiffs from the various corporate entities operated by the Cipriani defendants in order to make it appear as it plaintiffs are not working for more than forty hours per week from any particular entity.

40.     Upon information and belief, defendants do not keep and have not kept accurate time records of the hours worked by plaintiffs and/or other security guards who work for defendants.

41.     Upon information and belief, defendants have known of and/or showed reckless disregard for the practices by which plaintiffs and other similarly situated

7

employees of defendants are not paid for all hours worked in a week. Upon information
and belief, defendants have known of and/or showed reckless disregard for whether their
practices violate the FLSA and the NYSLL.

42.    Pursuant to 29 U.S.C. §§ 216 and 256, consent forms executed by each
plaintiff are annexed hereto as Exhibit A.

## COLLECTIVE ACTION ALLEGATIONS

43.    Upon information and belief, defendants have, over the past six years,
employed over 40 different workers full time in the non-exempt position of security
guard. These employees had the same job duties as plaintiffs referenced in paragraphs
"6" through "13" herein.

44.    Upon information and belief, defendants have failed to pay each of these
employees overtime premiums for hours worked past 40 in a week. Upon information
and belief, the total amount of unpaid overtime over the past six years amounts to over
two million dollars.

45.    The unlawful employment practices at issue with respect to security
guards employed by the defendants are identical to the unlawful employment practices
with respect to plaintiffs. In all cases, defendants have failed to pay the statutorily
required overtime rate for all hours worked over 40 in a week pursuant to the FLSA and
the NYSLL, have failed to keep accurate time records of all hours worked by security
guards, have misclassified their employees as independent contractors, have concealed
the hours worked by employees by paying them from multiple corporate entities, and
have known of and/or showed reckless disregard for whether these and other practices
violate the FLSA and the NYSLL.

8

46.    Other security guards currently or formerly employed by defendants should have the opportunity to have their claims for violations of the FLSA and NYSLL heard. Certifying this action as a collective action under FLSA will provide other security guards to receive notice of the action and allow them to opt in to such an action if they so choose.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wage - FLSA)

47.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 46 as if recited at length herein.

48.    At all relevant times, defendants have not paid plaintiffs at the statutorily required overtime rate of time and one half for hours worked by plaintiffs in excess of forty hours in a week.

49.    Upon information and belief, at all relevant times, defendants did not pay other security guards the statutorily required overtime rate of time and one half for hours worked in excess of forty hours in a week.

50.    Defendants, by the above acts, have violated 29 U.S.C. § 207.

51.    Upon information and belief, said violations are willful within the meaning 29 U.S.C. § 255(a).

52.    Plaintiffs and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

53.    No previous application for relief has been made for the relief requested herein.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Failure to Pay Overtime Wage – NYSLL)

54.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 53 as if recited at length herein.

55.   At all relevant times, defendants have not paid plaintiffs at the statutorily required overtime rate of time and one half for hours worked by plaintiffs in excess of forty hours in a week.

56.   Upon information and belief, at all relevant times, defendants did not pay other security guards the statutorily required overtime rate of time and one half for hours worked in excess of forty hours in a week.

57.   Defendants, by the above acts, have violated N.Y. Labor Law § 652 and 12 NYCRR § 142-2.2

58.   Upon information and belief, said violations are willful within the meaning N.Y. Labor Law § 663.

59.   Plaintiffs and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

60.   No previous application for relief has been made for the relief requested herein.

## AS AND FOR A THIRD CLAIM

### (NYSLL - Failure To Pay Premium For Work Past Ten Hours A Day)

61.   Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 60 above as though recited at length herein.

62.    At all relevant times, defendants have not paid plaintiffs an additional hour's pay at the minimum hourly wage rate for each day which plaintiffs worked 10 or more hours.

63.    Upon information and belief, at all relevant times, defendants have not paid other security guards an additional hour's pay at the minimum hourly wage rate for each day which those employees worked 10 or more hours.

64.    Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR § 142-2.4.

65.    Upon information and belief, said violations are willful within the meaning of NYSLL § 663.

66.    Plaintiffs and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's acts unless and until this Court grants the relief requested herein.

67.    No previous application for relief has been made for the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

(a)    declaring that the acts and practices complained of therein are in violation of the FLSA and NYSLL;

(b)    declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255(a) and N.Y. Labor Law § 663;

(c)    enjoining and restraining permanently the violations alleged therein, pursuant to 29 U.S.C. § 217;

(d)    directing defendants to make plaintiffs and all similarly situated employees whole for all unpaid overtime wages due as a consequence of defendant's violations of the FLSA and NYSLL;

(e)    directing defendants to pay plaintiffs and all similarly situated employees an additional hour's pay at the minimum wage rate for all hours worked in excess of ten in one day;

(f)    directing defendants to pay plaintiffs and all similarly situated employees an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b);

(g)    directing defendant to pay plaintiffs and all similarly situated employees an additional amount of liquidated damages as provided for in N.Y. Labor Law § 663.

(h)    awarding plaintiffs the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and N.Y. Labor Law § 663; and

(i)    granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       June 11, 2008

                                    Respectfully submitted,
                                    CARY KANE LLP
                                    Attorneys for Plaintiff

                                    By: _____
                                    Walter Kane (WK7122)
                                    Joshua S.C. Parkhurst (JP5022)
                                    1350 Broadway, Suite 815
                                    New York, NY 10018
                                    (212) 868-6300

## DEMAND FOR A TRIAL BY JURY

Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DENIZ OLMEZ, YASIN DEMIRKAN, NIYAZI    :
TUREL, HAMIT DEMIRKAN, LEVENT    :
CENNET, HAKAN EJDER, MUSTAFA ONSOY,    :
KAAN  ERYILMAZ, on behalf of themselves    :
and other employees similarly situated,    :
                                                                      :
                                    Plaintiffs,    :
                                                                      :          **CONSENT TO BECOME**
                                                                      :          **PARTY PLAINTIFF**
                            -against-    :
                                                                      :
                                                                      :
CIPRIANI USA, INC; CIPRIANI 110, LLC    :
CIPRIANI 200 LLC;  CIPRIANI 55 WALL, LLC    :
CIPRIANI FIFTH AVENUE, LLC; CIPRIANI    :
42ND STREET, LLC; CIP 55, LLC; CIPRIANI    :
FOODS, LLC; DOWNTOWN RESTAURANT    :
COMPANY, LLC; GC BALLROOM OPERATOR    :
LLC; 42ND STREET LESSEE, LLC; and JOHN    :
DOES 1-100, the actual names of such individuals    :
or entities being unknown,    :
                                                                      :
                                    Defendants.    :
----------------------------------------------------------------X

            By my signature below, I hereby authorize the filing and prosecution of the
above-described Fair Labor Standards Act action in my name and on my behalf by the
named plaintiffs and so designate the named plaintiffs as my agent to make decisions on
my behalf concerning the lawsuit, the method and manner of conducting the lawsuit,
entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees
and costs, entering into a settlement agreement with the defendants, and all other matters
pertaining to this lawsuit.


_____          Dated: _06_/_0 9_/_2008_____
(Signature)


_NIYAZI  TUREL_____
(Print your name)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DENIZ OLMEZ, YASIN DEMIRKAN, NIYAZI   :
TUREL, HAMIT DEMIRKAN, LEVENT   :
CENNET, HAKAN EJDER, MUSTAFA ONSOY,   :
KAAN ERYILMAZ, on behalf of themselves   :
and other employees similarly situated,   :
  :
                 Plaintiffs,   :
  :
  :
           -against-   :
  :
  :
  :
CIPRIANI USA, INC; CIPRIANI 110, LLC   :
CIPRIANI 200 LLC; CIPRIANI 55 WALL, LLC   :
CIPRIANI FIFTH AVENUE, LLC; CIPRIANI   :
42ND STREET, LLC; CIP 55, LLC; CIPRIANI   :
FOODS, LLC; DOWNTOWN RESTAURANT   :
COMPANY, LLC; GC BALLROOM OPERATOR   :
LLC; 42ND STREET LESSEE, LLC; and JOHN   :
DOES 1-100, the actual names of such individuals   :
or entities being unknown,   :
  :
           Defendants.   :

------------------------------------------------------------X

**CONSENT TO BECOME
PARTY PLAINTIFF**

       By my signature below, I hereby authorize the filing and prosecution of the above-described Fair Labor Standards Act action in my name and on my behalf by the named plaintiffs and so designate the named plaintiffs as my agent to make decisions on my behalf concerning the lawsuit, the method and manner of conducting the lawsuit, entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees and costs, entering into a settlement agreement with the defendants, and all other matters pertaining to this lawsuit.

_____  Dated: _06.10.2008_
(Signature)

_YASIN DEMIRKAN_
(Print your name)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DENIZ OLMEZ, YASIN DEMIRKAN, NIYAZI :
TUREL, HAMIT DEMIRKAN, LEVENT :
CENNET, HAKAN EJDER, MUSTAFA ONSOY, :
KAAN  ERYILMAZ, on behalf of themselves :
and other employees similarly situated, :
                                                                      :
                                 Plaintiffs,              :
                                                                      :          **CONSENT TO BECOME**
                                                                      :          **PARTY PLAINTIFF**
                                 -against-                 :
                                                                      :
                                                                      :
CIPRIANI USA, INC; CIPRIANI 110, LLC :
CIPRIANI 200 LLC;  CIPRIANI 55 WALL, LLC :
CIPRIANI FIFTH AVENUE, LLC; CIPRIANI :
42ND STREET, LLC; CIP 55, LLC; CIPRIANI :
FOODS, LLC; DOWNTOWN RESTAURANT :
COMPANY, LLC; GC BALLROOM OPERATOR :
LLC; 42ND STREET LESSEE, LLC; and JOHN :
DOES 1-100, the actual names of such individuals :
or entities being unknown, :
                                                                      :
                                 Defendants.           :
------------------------------------------------------------------X

      By my signature below, I hereby authorize the filing and prosecution of the
above-described Fair Labor Standards Act action in my name and on my behalf by the
named plaintiffs and so designate the named plaintiffs as my agent to make decisions on
my behalf concerning the lawsuit, the method and manner of conducting the lawsuit,
entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees
and costs, entering into a settlement agreement with the defendants, and all other matters
pertaining to this lawsuit.


_____          Dated:___6/9/2008_____
(Signature)


MUSTAFA ONSOY
_____
(Print your name)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DENIZ OLMEZ, YASIN DEMIRKAN, NIYAZI        :
TUREL, HAMIT DEMIRKAN, LEVENT              :
CENNET, HAKAN EJDER, MUSTAFA ONSOY,        :
KAAN  ERYILMAZ, on behalf of themselves    :
and other employees similarly situated,    :
                                           :
                Plaintiffs,                :
                                           :        **CONSENT TO BECOME**
                                           :        **PARTY PLAINTIFF**
                -against-                   :
                                           :
                                           :
CIPRIANI USA, INC; CIPRIANI 110, LLC       :
CIPRIANI 200 LLC;  CIPRIANI 55 WALL, LLC   :
CIPRIANI FIFTH AVENUE, LLC; CIPRIANI       :
42ND STREET, LLC; CIP 55, LLC; CIPRIANI :
FOODS, LLC; DOWNTOWN RESTAURANT            :
COMPANY, LLC; GC BALLROOM OPERATOR         :
LLC; 42ND STREET LESSEE, LLC; and JOHN :
DOES 1-100, the actual names of such individuals :
or entities being unknown,                 :
                                           :
                Defendants.                :
------------------------------------------------------------------X

        By my signature below, I hereby authorize the filing and prosecution of the
above-described Fair Labor Standards Act action in my name and on my behalf by the
named plaintiffs and so designate the named plaintiffs as my agent to make decisions on
my behalf concerning the lawsuit, the method and manner of conducting the lawsuit,
entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees
and costs, entering into a settlement agreement with the defendants, and all other matters
pertaining to this lawsuit.

_____          Dated: __06/09/2008__
(Signature)

__Hakan Ejder__
(Print your name)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DENIZ OLMEZ, YASIN DEMIRKAN, NIYAZI          :
TUREL, HAMIT DEMIRKAN, LEVENT                :
CENNET, HAKAN EJDER, MUSTAFA ONSOY,          :
KAAN  ERYILMAZ, on behalf of themselves      :
and other employees similarly situated,      :
                                             :
                                             :
                       Plaintiffs,           :
                                             :          **CONSENT TO BECOME**
                                             :          **PARTY PLAINTIFF**
               -against-                     :
                                             :
                                             :
CIPRIANI USA, INC; CIPRIANI 110, LLC         :
CIPRIANI 200 LLC;  CIPRIANI 55 WALL, LLC     :
CIPRIANI FIFTH AVENUE, LLC; CIPRIANI         :
42ND STREET, LLC; CIP 55, LLC; CIPRIANI   :
FOODS, LLC; DOWNTOWN RESTAURANT              :
COMPANY, LLC; GC BALLROOM OPERATOR           :
LLC; 42ND STREET LESSEE, LLC; and JOHN    :
DOES 1-100, the actual names of such individuals  :
or entities being unknown,                   :
                                             :
                       Defendants.           :
-------------------------------------------------------------------X

By my signature below, I hereby authorize the filing and prosecution of the above-described Fair Labor Standards Act action in my name and on my behalf by the named plaintiffs and so designate the named plaintiffs as my agent to make decisions on my behalf concerning the lawsuit, the method and manner of conducting the lawsuit, entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees and costs, entering into a settlement agreement with the defendants, and all other matters pertaining to this lawsuit.

_____          Dated: _6. 9. 2008_____
(Signature)

KAAN ERYILMAZ
(Print your name)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DENIZ OLMEZ, YASIN DEMIRKAN, NIYAZI      :
TUREL, HAMIT DEMIRKAN, LEVENT            :
CENNET, HAKAN EJDER, MUSTAFA ONSOY,      :
KAAN ERYILMAZ, on behalf of themselves   :
and other employees similarly situated,   :
                                         :
                    Plaintiffs,          :
                                         :        **CONSENT TO BECOME**
                                         :        **PARTY PLAINTIFF**
          -against-                      :
                                         :
                                         :
CIPRIANI USA, INC; CIPRIANI 110, LLC     :
CIPRIANI 200 LLC;  CIPRIANI 55 WALL, LLC :
CIPRIANI FIFTH AVENUE, LLC; CIPRIANI     :
42ND STREET, LLC; CIP 55, LLC; CIPRIANI :
FOODS, LLC; DOWNTOWN RESTAURANT          :
COMPANY, LLC; GC BALLROOM OPERATOR       :
LLC; 42ND STREET LESSEE, LLC; and JOHN  :
DOES 1-100, the actual names of such individuals :
or entities being unknown,               :
                                         :
                    Defendants.          :

-------------------------------------------------------------X

By my signature below, I hereby authorize the filing and prosecution of the
above-described Fair Labor Standards Act action in my name and on my behalf by the
named plaintiffs and so designate the named plaintiffs as my agent to make decisions on
my behalf concerning the lawsuit, the method and manner of conducting the lawsuit,
entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees
and costs, entering into a settlement agreement with the defendants, and all other matters
pertaining to this lawsuit.

_____        Dated: 06/09/2008
(Signature)

LEVENT CENNET
(Print your name)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DENIZ OLMEZ, YASIN DEMIRKAN, NIYAZI     :
TUREL, HAMIT DEMIRKAN, LEVENT           :
CENNET, HAKAN EJDER, MUSTAFA ONSOY,     :
KAAN  ERYILMAZ, on behalf of themselves :
and other employees similarly situated, :
                                        :
          Plaintiffs,                   :
                                        :          **CONSENT TO BECOME**
                                        :          **PARTY PLAINTIFF**
          -against-                     :
                                        :
                                        :
CIPRIANI USA, INC; CIPRIANI 110, LLC    :
CIPRIANI 200 LLC;  CIPRIANI 55 WALL, LLC :
CIPRIANI FIFTH AVENUE, LLC; CIPRIANI    :
42ND STREET, LLC; CIP 55, LLC; CIPRIANI :
FOODS, LLC; DOWNTOWN RESTAURANT         :
COMPANY, LLC; GC BALLROOM OPERATOR      :
LLC; 42ND STREET LESSEE, LLC; and JOHN :
DOES 1-100, the actual names of such individuals :
or entities being unknown,              :
                                        :
          Defendants.                   :
-----------------------------------------------------------------X

By my signature below, I hereby authorize the filing and prosecution of the above-described Fair Labor Standards Act action in my name and on my behalf by the named plaintiffs and so designate the named plaintiffs as my agent to make decisions on my behalf concerning the lawsuit, the method and manner of conducting the lawsuit, entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees and costs, entering into a settlement agreement with the defendants, and all other matters pertaining to this lawsuit.

_____          Dated: 6/9/2008
(Signature)

Hamit N. Demirkan
(Print your name)